Ann Marie Durso
All Island Medical Servic
4077 Daleview Avenue
Seaford, NY  11783


Arch Business
560 E. Main St.
Islip, NY 11751


Cablevision
POB 9256
Chelsea, MA 02150


Canon
POB 3839
Boston, MA 02241


Catholic Health Services
992 North Village Avenue
3rd floor
Rockville Centre, NY 1157


Deer Park Spring Water
POB 856192
Louisville, KY 40285


Dictran
194 North 21st St.
Purcellville, VA 20132


Dolbey Systems Inc.
7280 Auburn Rd.
Concord, OH 44077


FOJP
28 E. 28th St.
New York, NY 10016

Frank Zappula
241 North 3rd St.
Ronkonkoma, NY   11797


Gary Murphy
85 Barrister Rd.
Levittown, NY  11757


Geico
POB 98
Woodbury, NY 11797


Genzyme
POB 9322
Framingham, MA 01701


HSBC
603 Jericho Tpke
Syosset, NY  11791


HSBC Bank USA NA
Commerical Loan Svc.
Suite 000
Buffalo, NY 14270


Island Orthopedic
660 Broadway
Massapequa, NY  11758


Lillian Ferrari
9 Jay Court
Northport, NY  11768


Matheny Medical & Educati
POB 339
Highland Avenue
Peapack, NJ  07977

Medrec Resources
124 North Main St.
Forked River, NJ  08731


Parts Now
POB 88632
Milwaukee, WI 53288


Robert Johnston
6761 Heritage Grande
Unit 3107
Boynton Beach, FL  33437


St. Charles Hospital
200 Belle Terre Rd.
Pt. Jefferson, NY  11777


Superior Transribing
2950 Avenue S
Brooklyn, NY  11229


The Hartford
POB 2907
Hartford, CT  06104


Urology Associates
535 Plandome Rd.
Manhasset, NY  11030


William Backus Hospital
326 Washington St.
Norwich, CT 06360


Woodbury Office One
POB 321
Laurel NY 11948

Yale New Haven Hospital
POB 1001
New Haven, CT 06504

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

_____x

In Re:

**Barnett Business Products, Inc.**

**Case No.**

**Chapter**          **7**

                                        **Debtor(s)**
_____x


## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS


      The undersigned debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.


Dated:  **2/24/2011**


**s/ Frank Zapulla** _____

**Frank Zapulla**
Debtor


**/s/Bruce Weiner** _____
**Bruce Weiner**
Attorney for Debtor

**B1 (Official Form 1) (4/10)**

| United States Bankruptcy Court<br>Eastern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Barnett Business Products, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Voice Processing Systems** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all): **11-2235512** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**315 Crossways Park Drive**<br>**Woodbury, NY**<br>ZIP CODE **11797** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Nassau** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above):
**315 Crossways Park Drive**
**Woodbury, NY**     ZIP CODE **11797**

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)
  _____

**Nature of Business**
(Check **one** box)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity**
(Check box, if applicable)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

Check all applicable boxes
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Barnett Business Products, Inc.** |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed:   **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X   **Not Applicable**<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>     Signature of Attorney for Debtor(s)          Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
(Name of landlord that obtained judgment)

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Barnett Business Products, Inc.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
_____
Signature of Debtor

X **Not Applicable**
_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney

X **/s/Bruce Weiner**
_____
Signature of Attorney for Debtor(s)

**Bruce Weiner  Bar No.  BW-4730**
_____
Printed Name of Attorney for Debtor(s) / Bar No.

**Rosenberg, Musso & Weiner**
_____
Firm Name

**26 Court St., suite 2211 Brooklyn, New York 11242**
_____
Address

_____
Telephone Number

**2/24/2011**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X **Not Applicable**
_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ Frank Zapulla**
_____
Signature of Authorized Individual

**Frank Zapulla**
_____
Printed Name of Authorized Individual

**President**
_____
Title of Authorized Individual

**2/24/2011**
_____
Date

# United States Bankruptcy Court

## Eastern District of New York

In re:

**Barnett Business Products, Inc.**

Case No. _____

Chapter    **7**

# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, **Frank Zapulla**, declare under penalty of perjury that I am the **President** of **Barnett Business Products, Inc.,** a   Corporation and that on   the following resolution was duly adopted by the   of this Corporation:

"Whereas, it is in the best interest of this Corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code;

Be It Therefore Resolved, that **Frank Zapulla, President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 7 voluntary bankruptcy case on behalf of the Corporation; and

Be It Further Resolved, that **Frank Zapulla, President** of this Corporation, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Corporation in connection with such bankruptcy case; and

Be It Further Resolved, that **Frank Zapulla, President** of this Corporation, is authorized and directed to employ **Bruce Weiner**, attorney and the law firm of **Rosenberg, Musso & Weiner** to represent the Corporation in such bankruptcy case."

Executed on:   **2/24/2011** _____

Signed:    **s/ Frank Zapulla** _____

              **Frank Zapulla**

B6A (Official Form 6A) (12/07)

In re:   **Barnett Business Products, Inc.**       .            Case No. _____

                                      **Debtor**                                                **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **NONE** | | | | |
| | | Total ➢ | 0.00 | |

(Report also on Summary of Schedules.)

In re  **Barnett Business Products, Inc.** _____ ,   Case No. _____
                                    Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash** | | **20.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **HSBC - checking** | | **1,000.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Landlord** | | **2,663.00** |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | | **1 Bond** | | **0.00** |
| 16. Accounts receivable. | | **Accts Receivable** | | **6,774.00** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| | | | | |

In re  **Barnett Business Products, Inc.** _____,   Case No. _____
                                    **Debtor**                                         **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | | **Inventory** | | **10,000.00** |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

____1____  continuation sheets attached          Total  >       **$ 20,457.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re    **Barnett Business Products, Inc.**         ,        Case No.   _____

                        **Debtor**                                                 **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**<br><br>**NONE** | | | **VALUE** _____ | | | | | |

                                 Subtotal ➤<br>(Total of this page)

| | |
|---|---|
| $      0.00 | $      0.00 |

                                 Total ➤<br>(Use only on last page)

| | |
|---|---|
| $      0.00 | $      0.00 |

(Report also on Summary of Schedules)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**In re**    **Barnett Business Products, Inc.**               **Case No.** _____

                           Debtor                                                  (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

❑    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑    **Domestic Support Obligations**

     Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑    **Extensions of credit in an involuntary case**

     Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☑    **Wages, salaries, and commissions**

     Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑    **Contributions to employee benefit plans**

     Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑    **Certain farmers and fishermen**

     Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑    **Deposits by individuals**

     Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

❑    **Taxes and Certain Other Debts Owed to Governmental Units**

     Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑    **Commitments to Maintain the Capital of an Insured Depository Institution**

     Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**2  continuation sheets attached**

In re  **Barnett Business Products, Inc.**                      Case No. _____

                               Debtor                                           (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Type of Priority:  Wages, Salaries, and Commissions

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Robert Johnston**<br>**6761 Heritage Grande**<br>**Unit 3107**<br>**Boynton Beach, FL  33437** | | | **Commissions** | | | | **8,873.40** | **8,873.40** | **$0.00** |

Sheet no.  2  of  2  continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals▹<br>(Totals of this page) | $ **8,873.40** | $ **8,873.40** | $ **0.00** |
| Total  ▹<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **8,873.40** | | |
| Total  ▹<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ **8,873.40** | $ **0.00** |

In re  **Barnett Business Products, Inc.**                    Case No. _____
                            **Debtor**                                   **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Ann Marie Durso<br>All Island Medical Servic<br>4077 Daleview Avenue<br>Seaford, NY  11783 | | | Maintentance Agreements | | | | 1,250.00 |
| ACCOUNT NO.<br><br>Arch Business<br>560 E. Main St.<br>Islip, NY 11751 | | | Maintentance Agreements | | | | 600.00 |
| ACCOUNT NO.<br><br>Cablevision<br>POB 9256<br>Chelsea, MA 02150 | | | Goods & Services | | | | 224.20 |
| ACCOUNT NO.<br><br>Canon<br>POB 3839<br>Boston, MA 02241 | | | Goods & Services | | | | 325.69 |

    <u>5</u>  Continuation sheets attached

                        Subtotal ➢ $           **2,399.89**

                            Total ➢ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  **Barnett Business Products, Inc.**
          Debtor

Case No. _____
          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | 16,750.00 |
| Catholic Health Services 992 North Village Avenue 3rd floor Rockville Centre, NY 1157 | | | Maintentance Agreements | | | | |
| ACCOUNT NO. | | | | | | | 38.20 |
| Deer Park Spring Water POB 856192 Louisville, KY 40285 | | | Goods & Services | | | | |
| ACCOUNT NO. | | | | | | | 9,262.50 |
| Dictran 194 North 21st St. Purcellville, VA 20132 | | | Goods & Services | | | | |
| ACCOUNT NO. | | | | | | | 77.81 |
| Dolbey Systems Inc. 7280 Auburn Rd. Concord, OH 44077 | | | Goods & Services | | | | |
| ACCOUNT NO. | | | | | | | 3,869.00 |
| FOJP 28 E. 28th St. New York, NY 10016 | | | Maintentance Agreements | | | | |

Sheet no. _1_ of _5_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➢ $     29,997.51

Total ➢ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re **Barnett Business Products, Inc.**                    Case No. _____
                          Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Frank Zappula**<br>**241 North 3rd St.**<br>**Ronkonkoma, NY   11797** | | | **Unpaid Salary** | | | | **Unknown** |
| ACCOUNT NO.<br><br>**Gary Murphy**<br>**85 Barrister Rd.**<br>**Levittown, NY  11757** | | | **Unpaid Salary** | | | | **Unknown** |
| ACCOUNT NO.<br><br>**Geico**<br>**POB 98**<br>**Woodbury, NY 11797** | | | **Maintentance Agreements** | | | | **4,225.00** |
| ACCOUNT NO.<br><br>**Genzyme**<br>**POB 9322**<br>**Framingham, MA 01701** | | | **Maintentance Agreements** | | | | **10,895.00** |

Sheet no.  2 of 5 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  ➤  $ **15,120.00**

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re  **Barnett Business Products, Inc.** _____      Case No. _____
                                    Debtor                                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **HSBC Bank USA NA Commerical Loan Svc. Suite 000 Buffalo, NY 14270**  **HSBC 603 Jericho Tpke Syosset, NY 11791** | | | **Business Loan - allegedly secured No UCC's found** | | | | **40,000.00** |
| ACCOUNT NO.  **Island Orthopedic 660 Broadway Massapequa, NY 11758** | | | **Maintentance Agreements** | | | | **2,910.00** |
| ACCOUNT NO.  **Lillian Ferrari 9 Jay Court Northport, NY 11768** | | | **Maintentance Agreements** | | | | **75.00** |
| ACCOUNT NO.  **Matheny Medical & Educational POB 339 Highland Avenue Peapack, NJ 07977** | | | **Maintentance Agreements** | | | | **1,875.00** |

Sheet no. 3 of 5 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $ **44,860.00**

Total  ➤  $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re **Barnett Business Products, Inc.**
Debtor

Case No. _____
(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Medrec Resources**<br>**124 North Main St.**<br>**Forked River, NJ 08731** | | | **Maintentance Agreements** | | | | 6,950.00 |
| ACCOUNT NO.<br>**Parts Now**<br>**POB 88632**<br>**Milwaukee, WI 53288** | | | **Goods & Services** | | | | 215.00 |
| ACCOUNT NO.<br>**St. Charles Hospital**<br>**200 Belle Terre Rd.**<br>**Pt. Jefferson, NY 11777** | | | **Maintentance Agreements** | | | | 600.00 |
| ACCOUNT NO.<br>**Superior Transribing**<br>**2950 Avenue S**<br>**Brooklyn, NY 11229** | | | **Maintentance Agreements** | | | | 18,595.00 |
| ACCOUNT NO.<br>**The Hartford**<br>**POB 2907**<br>**Hartford, CT 06104** | | | **Goods & Services** | | | | 422.27 |

Sheet no. 4 of 5 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ **26,782.27**

Total ➤ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Barnett Business Products, Inc.**
Debtor

Case No. _____
(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  <br> **Urology Associates** <br> **535 Plandome Rd.** <br> **Manhasset, NY 11030** | | | **Maintentance Agreements** | | | | 3,150.00 |
| ACCOUNT NO. <br> **William Backus Hospital** <br> **326 Washington St.** <br> **Norwich, CT 06360** | | | **Maintentance Agreements** | | | | 9,000.00 |
| ACCOUNT NO. <br> **Woodbury Office One** <br> **POB 321** <br> **Laurel NY 11948** | | | **Goods & Services** | | | | 3,112.46 |
| ACCOUNT NO. <br> **Yale New Haven Hospital** <br> **POB 1001** <br> **New Haven, CT 06504** | | | **Maintentance Agreements** | | | | 7,800.00 |

Sheet no. 5 of 5 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 23,062.46

Total ➤ $ 142,222.13

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re:  **Barnett Business Products, Inc.**                    ,          Case No. _____
                                    **Debtor**                                                    **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

**In re:** Barnett Business Products, Inc.                                        **Case No.** _____
                                    _____                                        **(If known)**
                                                        **Debtor**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

In re:   **Barnett Business Products, Inc.**                         Case No. _____

                                                                      Chapter   **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:            $ _____ **0.00**

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2.  Gross Monthly Income:                                          $ _____ **0.00**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

| | | |
|---|---|---:|
| 3. | Net Employee Payroll (Other Than Debtor) | $ _____ **0.00** |
| 4. | Payroll Taxes | **0.00** |
| 5. | Unemployment Taxes | **0.00** |
| 6. | Worker's Compensation | **0.00** |
| 7. | Other Taxes | **0.00** |
| 8. | Inventory Purchases (Including raw  materials) | **0.00** |
| 9. | Purchase of Feed/Fertilizer/Seed/Spray | **0.00** |
| 10. | Rent (Other than debtor's principal residence) | **0.00** |
| 11. | Utilities | **0.00** |
| 12. | Office Expenses and Supplies | **0.00** |
| 13. | Repairs and Maintenance | **0.00** |
| 14. | Vehicle Expenses | **0.00** |
| 15. | Travel and Entertainment | **0.00** |
| 16. | Equipment Rental and Leases | **0.00** |
| 17. | Legal/Accounting/Other Professional Fees | **0.00** |
| 18. | Insurance | **0.00** |
| 19. | Employee Benefits (e.g., pension, medical, etc.) | **0.00** |

    20.  Payments to Be Made Directly By Debtor to Secured Creditors For
           Pre-Petition Business Debts (Specify):

        **None**                                                    _____

    21.  Other (Specify):

        **None**                                                    _____

    22.  Total Monthly Expenses (Add items 3 - 21)                    $ _____ **0.00**

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

    23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)    $ _____ **0.00**

**United States Bankruptcy Court**

**Eastern District of New York**

In re **Barnett Business Products, Inc.** _____,        Case No. _____

                                    Debtor

                                              Chapter    _7_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $            0.00 | | |
| B - Personal Property | YES | 2 | $      20,457.00 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $            0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $        8,873.40 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 6 | | $      142,222.13 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | $ |
| TOTAL | | 15 | $      20,457.00 | $      151,095.53 | |

# United States Bankruptcy Court
## Eastern District of New York

In re **Barnett Business Products, Inc.** _____ ,       Case No. _____

Debtor

Chapter  **7** _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐     Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $     0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $     0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $     0.00 |
| Student Loan Obligations (from Schedule F) | $     0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $     0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $     0.00 |
| TOTAL | $     0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $     0.00 |
| Average Expenses (from Schedule J, Line 18) | $     0.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $     0.00 |

# United States Bankruptcy Court
# Eastern District of New York

In re **Barnett Business Products, Inc.**                    ,     Case No. _____

Debtor

Chapter   **7** _____

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $   **0.00** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $    **8,873.40** | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $   **0.00** |
| 4. Total from Schedule F | | $   **142,222.13** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $   **142,222.13** |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Barnett Business Products, Inc.**

Case No. _____

Debtor

(If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

(NOT APPLICABLE)

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I **Frank Zapulla**, the **President** of the **Corporation** named as debtor in this case, declare under penalty of
perjury that I have read the foregoing summary and schedules, consisting of _____**17**_____ sheets *(Total shown on summary page plus 1)*,
and that they are true and correct to the best of my knowledge, information, and belief.

Date  **2/24/2011**_____

Signature:  **s/ Frank Zapulla**_____

**Frank Zapulla President**_____
[Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

# United States Bankruptcy Court
## Eastern District of New York

In re: **Barnett Business Products, Inc.**

Case No.

# List of Equity Security Holders

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOWN ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| **Frank Zapulla** | | | **51%** |
| **Gary Murphy** | | | **49%** |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, **Frank Zapulla**, **President** of the Corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date: __2/24/2011_____

**s/ Frank Zapulla**_____

**Frank Zapulla, President, Barnett Business Products, Inc.**
Debtor

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

B7 (Official Form 7) (4/10)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

In re: **Barnett Business Products, Inc.**
_____,
Debtor

Case No. _____
(If known)

# STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 148,652.00 | Income Calendar year 7/1/10 - 2/2011 | |
| 273,857.00 | Income Calendar Year 7/1/08 - 6/30/09 | |
| 378,179.00 | Income Calendar Year 7/1/09 - 6/30/10 | |

## 2. Income other than from employment or operation of business

None ☑ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None ☑ a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**None** ☑ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

*\*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**None** ☑ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

**None** ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATIO | STATUS OR DISPOSITION |
|---|---|---|---|

**None** ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

**None** ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None ☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7. Gifts

None ☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

## 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

## 9. Payments related to debt counseling or bankruptcy

None ❑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Rosenberg, Musso & Weiner**<br>**26 Court St., suite 2211**<br>**Brooklyn, New York 11242** | | **$4500 plus filing fee** |

## 10.  Other transfers

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR INTEREST IN PROPERTY |
|---|---|---|

## 11.  Closed financial accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12.  Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITOR | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13.  Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None

☑

List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS
OF OWNER

DESCRIPTION AND VALUE
OF PROPERTY

LOCATION OF PROPERTY

## 15. Prior address of debtor

None

☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS

NAME USED

DATES OF OCCUPANCY

## 16. Spouses and Former Spouses

None

☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None

☑

a.    List  the  name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

SITE NAME AND
ADDRESS

NAME  AND ADDRESS
OF GOVERNMENTAL UNIT

DATE OF
NOTICE

ENVIRONMENTAL
LAW

None

☑

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND
ADDRESS

NAME  AND ADDRESS
OF GOVERNMENTAL UNIT

DATE OF
NOTICE

ENVIRONMENTAL
LAW

None ☑  c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

## 18. Nature, location and name of business

None ☑  a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

None ☑  b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

## 19. Books, records and financial statements

None ☑  a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |

None ☑  b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
| --- | --- | --- |

None ☑  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
| --- | --- |

None ☑  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
| --- | --- |

## 20.  Inventories

None ☑ | a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ☑ | b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21.  Current Partners, Officers, Directors and Shareholders

None ☑ | a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Frank Zapulla**<br>**241 North Third St.**<br>**Ronkonkoma, NY  11797** | **President** | **51%** |
| **Gary Murphy**<br>**88 Barrister Rd.**<br>**Levitton, NY 11756** | **Vice President** | **49%** |

## 22.  Former partners, officers, directors and shareholders

None ☑ | a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☑ | b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23.  Withdrawals from a partnership or distributions by a corporation

None ☑ | If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION          TAXPAYER IDENTIFICATION NUMBER (EIN)

### 25. Pension Funds.

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **2/24/2011**                    Signature  **s/ Frank Zapulla**

                                         **Frank Zapulla, President**
                                         Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.*

B 203
(12/94)

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of New York**

In re:      **Barnett Business Products, Inc.**

Debtor

Case No. _____

Chapter      **7** _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 4,500.00 |
| Prior to the filing of this statement I have received | $ | 4,500.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

    ☑ Debtor         ☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☐ Debtor         ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

    c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d)   [Other provisions as needed]
        **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

    **Depostions, Investigations and Second Adversarial Proceedings, Objections341 Meetings**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **2/24/2011**

    **/s/Bruce Weiner**
    **Bruce Weiner, Bar No.  BW-4730**

    **Rosenberg, Musso & Weiner**
    Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

In Re                                                       BANKRUPTCY NO.

**Barnett Business Products, Inc.**

                                    Debtor.

## DECLARATION RE: ELECTRONIC FILING OF
## PETITION, SCHEDULES & STATEMENTS

## PART I - DECLARATION OF PETITIONER

I **Frank Zapulla**                                          ,

the undersigned debtor(s), ***hereby declare under penalty of perjury*** that the information I have given my attorney and the information provided in the electronically filed petition, statements, schedules is true and correct. I consent to my attorney sending my petition, this declaration, statements and schedules to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be filed with the Clerk once all schedules have been filed electronically but, in no event, no later than 15 days following the date the petition was electronically filed.  I understand that failure to file the signed original of this DECLARATION will cause my case to be dismissed pursuant to 11 U.S.C. § 707(a)(3) without further notice.

☐    [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of 11 United States Code, understand the relief available under each such chapter, and choose to proceed under Chapter 7. I request relief in accordance with the chapter specified in this petition.

☑    [If petitioner is a corporation or partnership] I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in this petition.

Dated:   **2/24/2011**

                          Signed:    **s/ Frank Zapulla**
                                     **Frank Zapulla**
                                          (Applicant)

## PART II - DECLARATION OF ATTORNEY

I ***declare under penalty of perjury*** that I have reviewed the above debtor's petition and that the information is complete and correct to the best of my knowledge. The debtor(s) will have signed this form before I submit the petition, schedules, and statements. I will give the debtor(s) a copy of all forms and information to be filed with the United States Bankruptcy Court, and have followed all other requirements in the most recent attachment to G.O. #162. I further declare that I have examined the above debtor's petition, schedules, and statements and, to the best of my knowledge and belief, they are true, correct, and complete. If an individual, I further declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, and have explained the relief available under each such chapter. This declaration is based on all information of which I have knowledge.

Dated:   **2/24/2011**

                          **/s/Bruce Weiner**
                          **Bruce Weiner**
                          Attorney for Debtor(s)

# United States Bankruptcy Court
## Eastern District of New York

In re  **Barnett Business Products, Inc.**                    Case No.

Debtor.                                          Chapter     **7**


# STATEMENT OF CORPORATE OWNERSHIP

Comes now **Barnett Business Products, Inc.** (the "Debtor") and pursuant to Fed. R. Bankr. P. 1007(a) and 7007.1 state as follows:


_____**X**_____  All corporations that directly or indirectly own 10% or more of any class of the corporation's equity interests are listed below:

| Owner | % of Shares Owned |
|---|---|
| **Frank Zapulla** | **51%** |
| **Gary Murphy** | **49%** |

OR,

_____ There are no entities to report.


By /s/Bruce Weiner
**Bruce Weiner**
Signature of Attorney

Counsel for     **Barnett Business Products, Inc.**
Bar no.:     **BW-4730**
Address.:     **Rosenberg, Musso & Weiner**
**26 Court St., suite 2211**
**Brooklyn, New York 11242**

Telephone No.:
Fax No.:
E-mail address: